UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-20805-CR-HUCK/OTAZO-REYES

UNITED STATES OF AMERICA,

v.

GUIDO ZIRIO, JR.,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

THIS CAUSE came before the undersigned by Order of Reference issued by the Honorable Paul C. Huck, United States District Judge, pursuant to Title 28, United States Code, Section 636 and the Magistrate Judge Rules for the Southern District of Florida [D.E. 64]. The Order of Reference requires a Report and Recommendation as to the reasonableness of the voucher submitted pursuant to the Criminal Justice Act ("CJA") (hereafter, "CJA Voucher") by counsel for Defendant Guido Zirio, Jr. (hereafter, "Defendant").

Upon a thorough review of this matter, the undersigned respectfully recommends that an adjustment be made to the CJA Voucher as set forth below.

## PROCEDURAL BACKGROUND

On October 15, 2015, the grand jury returned an indictment charging Defendant with one count of knowingly and willfully combining, conspiring, and agreeing with others to possess with intent to distribute a controlled substance, in violation of 21 U.S.C. § 846. See Indictment [D.E. 3].

Defendant made his initial appearance on October 21, 2015 [D.E. 7]. Arraignment took place on November 12, 2015 [D.E. 12]. On December 1, 2015, Defendant filed a Motion for

Authorization to Hire an Investigator [D.E. 18]. On December 10, 2015, Defendant filed a Motion to Suppress [D.E. 21], for which a hearing was held on January 6, 2016 before Magistrate Judge Jonathan Goodman [D.E. 26]. After the hearing, Judge Goodman directed Defendant to file a supplemental brief listing authorities that supported Defendant's arguments that his statements were improperly induced by agents, or to state that there were no such relevant authorities. See Post-Hearing Administrative Order [D.E. 28]. Defendant filed his brief on January 13, 2016, and the next day Judge Goodman recommended that the Motion to Suppress be denied [D.E. 31, 34]. The Court adopted the Report and Recommendation, and referred this matter to the undersigned for a change of plea hearing [D.E. 37, 38].

Defendant entered a change of plea before the undersigned on February 12, 2016 [D.E. 39]. The undersigned recommended that Defendant's plea of guilty be accepted, which recommendation was adopted by the Court [D.E. 38, 47].

On April 26, 2016, the Presentence Investigation Report was filed [D.E. 55]; and on April 30, 2016, Defendant filed a Motion for a Variance and Memorandum Concerning Sentencing Factors [D.E. 57]. Defendant was sentenced on May 2, 2016 to 15 months of incarceration, followed by 3 years of supervised release [D.E. 61].

The CJA voucher submitted by Defendant's Attorney John Francis O'Donnell ("O'Donnell") requests compensation in the amount of $9,324.85, which consists of $8,756.60 in fees for out-of-court hours, $322.50 in fees for in-court hours, and $245.75 in expenses.

**APPLICABLE GUIDELINES**

The United States Judicial Conference developed the Guidelines for Administering the CJA and Related Statutes (the "Guidelines") to assist courts in the application of the provisions of the CJA. See In re Berger, 498 U.S. 233, 234 (1991). In the Guidelines, judges

are "urged to compensate counsel at a rate and in an amount sufficient to cover appointed counsel's general office overhead and to ensure adequate compensation for representation provided." See Section §630.20 of the Guidelines. The CJA Plan for the Southern District of Florida explicitly states that "[p]ayment of fees and expenses shall be made in accordance with the provisions of the [Guidelines]."

The CJA at 18 U.S.C. §3006A(d)(1) provides that at the conclusion of CJA representation, an appointed attorney shall be compensated for time expended in court and for time "reasonably expended out of court" and shall be reimbursed "for expenses reasonably incurred." The district court, as the body empowered to "fix" the compensation of CJA-appointed counsel, has the statutory authority and discretion to determine what is a reasonable expense or a reasonable use of billable time. 18 U.S.C. §3006A(d)(5); U.S. v. Griggs, 240 F.3d 974 (11th Cir. 2001). Therefore, the undersigned reviews O'Donnell's submission for reasonableness with respect to his out-of-court hours and expenses.

## DISCUSSION

1. Out-of-Court Hours

The CJA Voucher under consideration reflects the following out-of-court hours by category:

| Category | Hours | Amount ($) |
| --- | --- | --- |
| Interviews and Conferences | 29.9 | 3,841.50 |
| Obtaining and Reviewing Records | 10.6 | 1,351.20 |
| Legal Research and Brief Writing | 15.7 | 2,015.90 |
| Travel Time | 12.0 | 1,548.00 |
| **Total** | **68.2** | **8,756.60** |

Close to half of the out-of-court hours reported by O'Donnell involve Interviews and Conferences. There are more than 40 entries for emails or phone conferences with Defendant; another 7 separate entries for conferences with Defendant's girlfriend; plus various entries for

3

communications with the Assistant United States Attorney assigned to the case, the Probation Office, and the U.S. Marshalls Office. These hours appear excessive, particularly given that the case did not go to trial. Therefore, the undersigned recommends that the out-of-court Interviews and Conferences time be reduced by one half. This will result in a reduced compensation amount from $3,841.50 to $1,920.75.

Time entries for Obtaining and Reviewing Records totals 10.9 hours, almost half of which was reviewing discovery, including a 2.5-hour entry for listening to discovery tapes. Given the foregoing, the undersigned finds that these out-of-court hours are reasonable.

Time entries for Legal Research and Brief Writing add up to 15.7 hours. Given the motion practice in the case, specifically the Motion for Authorization to Hire an Investigator, Motion to Suppress, the supplemental submission on the Motion to Suppress as directed by Judge Goodman, and the Motion for Variance and Memorandum Concerning Sentencing Factors, the undersigned finds that these out-of-court hours are reasonable.

O'Donnell requests reimbursement for 12 hours in Travel Time. O'Donnell's office is located in Fort Lauderdale, and all the hearings in this case were in Miami and Defendant was housed at FDC Miami. Therefore, the undersigned finds that these out-of-court hours are reasonable.

Appling the foregoing adjustment to the compensation for Interviews and Conferences results in a reduced compensation for out-of-court hours as follows:

| Category | Hours | Amount ($) |
|---|---|---|
| Interviews and Conferences | 14.95 | 1,920.75 |
| Obtaining and Reviewing Records | 10.6 | 1,351.20 |
| Legal Research and Brief Writing | 15.7 | 2,015.90 |
| Travel Time | 12.0 | 1,548.00 |
| **Total** | **53.25** | **6,835.85** |

4

2. Expenses

O'Donnell seeks reimbursement in the amount of $245.75, consisting of $215.75 in travel expenses and $30.00 for photocopies. The undersigned finds this amount to be reasonable given the need for O'Donnell to travel from Fort Lauderdale to Miami for court appearances and to visit Defendant.

## RECOMMENDATION

In accordance with the foregoing, the undersigned RESPECTFULLY RECOMMENDS that O'Donnell's CJA Voucher be approved in the amount of $7,404.10, consisting of $6,835.85 in fees for out-of-court hours, $322.50 in fees for in-court hours, and $245.75 in expenses.

Pursuant to Local Magistrate Judge Rule 4(b), the parties have fourteen days from the date of this Report and Recommendation to file written objections, if any, with the Honorable Paul C. Huck, United States District Judge. Failure to file timely objections may bar the parties from attacking the factual findings contained herein on appeal. See Resolution Tr. Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).

RESPECTFULLY SUBMITTED in Miami, Florida this 14th day of July, 2016.

_____
ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

cc:   United States District Judge Paul C. Huck
      Counsel of Record